UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RANDY S. MORRISSETTE,

                              Plaintiff,

                                                                         <u>DECISION AND ORDER</u>

                                                                         05-CV-6263L

        v.

SGT. R. WRONSKI, et al.,

                              Defendants.
_____

      Plaintiff, Randy Morrissette, appearing *pro se*, commenced this action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights by certain employees of the New York State Department of Correctional Services ("DOCS") while plaintiff was an inmate in the custody of DOCS.

      By letter dated August 1, 2007, the Court was informed by counsel for the defendants that plaintiff had failed to appear for a deposition that had been scheduled for that date. On August 3, 2007, the Court therefore issued an Order to Show Cause why this case should not be dismissed for failure to prosecute, pursuant to Rule 41.2 of the Local Rules of Civil Procedure for this district. The copy of the order that had been mailed to plaintiff at his last known address, Franklin Correctional Facility, was returned by the Postal Service marked "M.L.N.F." (presumably "Moved Left No

Forwarding [Address]").  It appears from the DOCS Inmate Lookup internet service, http://nysdocslookup.docs.state.ny.us, that plaintiff was released from custody on July 18, 2007.

This action is therefore dismissed for failure to prosecute.  The Court's attempt to warn plaintiff that this action was subject to dismissal has been thwarted by plaintiff's own failure to keep the Court apprised of his address as required by the Local Rules.  In light of plaintiff's apparent lack of interest in continuing to pursue this action, I see no reason to require defendants to continue to expend any further time or effort in this case.  Plaintiff himself has effectively ceased to seek his day in court, and since the Court has been unable to locate plaintiff, no lesser sanction would be effective, since plaintiff would be unaware that any sanction had been imposed.  *See United States ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 ($2^d$ Cir. 2004) (setting forth factors relevant to dismissal for failure to prosecute).

## CONCLUSION

The complaint in this action is dismissed with prejudice for failure to prosecute pursuant to Rule 41.2 of the Local Rules of Civil Procedure for the Western District of New York.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 4, 2007.